HOWARD H. AND MARIANNE KELLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keller v. Commissioner
Docket No. 6914-90
United States Tax Court
T.C. Memo 1991-373; 1991 Tax Ct. Memo LEXIS 423; 62 T.C.M. (CCH) 401; 56 Fair Empl. Prac. Cas. (BNA) 1067; T.C.M. (RIA) 91373; August 8, 1991, Filed *423 Decision will be entered for the petitioner. P, an airline pilot, settled a lawsuit brought against his employer under the Age Discrimination in Employment Act. One-half of the settlement was designated "back pay," and one-half was designated "liquidated damages." Held, both the back pay and the liquidated damages are excludable from income under I.R.C. sec. 104(a)(2). Downey v. Commissioner, 97 T.C. 150 (1991), followed. Thomas F. Joyce, for the petitioners. Vijay S. Rajan, Keith A. Aqui, and Robert B. Miscavich, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined a deficiency of $ 11,721 in petitioners' Federal income tax for 1986. In the petition, petitioners challenged respondent's determination that they are liable for income taxes on liquidated damages received by Howard H. Keller in settlement of a lawsuit brought under the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U.S.C. sec. 621 et seq (1988). In an amendment to the petition, petitioners allege that they are also entitled to exclude from their taxable income the amount of the settlement attributable to back pay. The issue *424 for determination is whether all or any portion of the settlement amount is excludable from income under section 104(a)(2). All section references are to the Internal Revenue Code as amended and in effect for the year in issue. Facts
All of the facts have been stipulated, and the issue has been presented on cross-motions for summary judgment. Petitioners resided in Reno, Nevada, at the time the petition was filed. Howard H. Keller (petitioner) was one of a group of individuals (the ADEA plaintiffs) who had been employed as pilots or flight engineers by United Airlines, Inc. (United), and who had been fired from their jobs upon reaching the age of 60. Petitioner, along with other similarly placed former employees of United, filed complaints against United in the United States District Court for the Northern District of Illinois pursuant to section 7(c) of the ADEA, as amended, 29 U.S.C. sec. 626(c). Petitioner alleged, among other things: 8. Prior to the date of his sixtieth birthday, each plaintiff was employed by defendant. The position of each was that of Captain (pilot in command) on defendant's commercial aircraft. 9. As a Captain, each plaintiff performed his *425 duties satisfactorily under the policies and regulations of defendant and the Federal Aviation Administration. 10. Immediately prior to the date of his sixtieth birthday, each plaintiff maintained seniority sufficient to allow him to work in the positions of Captain, First Officer, or Second Officer. 11. The Federal Aviation Administration's "Age 60 Rule," 14 C.F.R. sec. 121.383(c), bars each plaintiff from serving as a Captain or First Officer (second in command) in defendant's operations under 14 C.F.R. Part 121, after the date of his sixtieth birthday. 12. But for the Age 60 Rule, each plaintiff was able and qualified to continue working in defendant's employ as a Captain after the date of his sixtieth birthday. 13. The Age 60 Rule does not prevent plaintiffs from serving in defendant's employ in a flight or non-flight position other than Captain and First Officer (second in command), after the dates of their sixtieth birthdays. 14. The Age 60 Rule does not prevent plaintiffs from serving in defendant's employ as Second Officers (flight engineers), after the dates of their sixtieth birthdays. 15. Each plaintiff sought to continue his employment with defendant beyond *426 the date of his sixtieth birthday. 16. Defendant terminated each plaintiff's employment and required him to retire shortly after the date of his sixtieth birthday. 17. Both before and after the date of each plaintiff's sixtieth birthday, defendant refused and continues to refuse to permit each plaintiff to continue his employment in a position not affected by the Age 60 Rule.
The actions relative to the complaints were consolidated as a single class action lawsuit (the ADEA lawsuit). The remedies sought in the ADEA lawsuit consisted of (i) injunctive relief; (ii) monetary damages for back pay and other pecuniary losses; and (iii) liquidated damages under 29 U.S.C. sec. 216(b) in an amount equal to the total amount of back pay and pecuniary losses. In 1982, petitioner and the other ADEA plaintiffs were awarded back pay and liquidated damages by a jury in the ADEA lawsuit. On appeal, the decision of the district court was reversed on procedural grounds and remanded for a new trial. Monroe v. United Air Lines, Inc., 736 F.2d 394 (7th Cir. 1984). Before a second trial was completed, on June 30, 1986, United and the ADEA plaintiffs entered into a three-part *427 settlement agreement. The overall settlement amount was identified as attributable to "back pay and liquidated damages," with one-half of the amount stipulated to be back pay subject to applicable withholding and payroll taxes and the other half attributable to "liquidated damages" not subject to income taxes. In accordance with the settlement agreement, petitioner received "back pay wages" in the amount of $ 28,442 and "liquidated damages" in the amount of $ 28,442. On their Federal income tax return for 1986, petitioners included the sum of $ 28,442 attributable to back pay as income but did not include the sum of $ 28,442 attributable to liquidated damages. Discussion
Section 104(a)(2) excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into *428 in lieu of such prosecution." The ADEA, as amended, prohibits arbitrary discrimination in the workplace based on age. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 120, 83 L. Ed. 2d 523, 105 S. Ct. 613 (1985). The preamble to the ADEA declares its purpose is "to promote employment of older persons based on their ability rather than age [and] to prohibit arbitrary age discrimination in employment." 29 U.S.C. sec. 621(b). Section 4(a)(1) of the ADEA proscribes differential treatment of older workers "with respect to * * * compensation, terms, conditions, or privileges of employment." 29 U.S.C. sec. 623(a). This proscription presently applies to all persons between the ages of 40 and 70. 29 U.S.C. sec. 631(a). The substantive provisions of the ADEA are, with a few minor exceptions, identical in terms to those of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000(e) et seq.Trans World Airlines, Inc. v. Thurston, 469 U.S. at 121. Section 7(b) of the ADEA, 81 Stat. 604, 29 U.S.C. sec. 626(b), provides that the rights created by the ADEA are to be "enforced in accordance with the powers, remedies, and procedures" of the Fair Labor Standards Act (FLSA). *429 See 29 U.S.C. sec. 626(b), incorporating 29 U.S.C. secs. 211(b), 216(b), 216(c), 217, 626(b), and 626(c). The remedial provisions of the two statutes, however, are not identical. The FLSA permits aggrieved employees to recover "unpaid minimum wages" or "unpaid overtime compensation," as well as an equal amount of "liquidated damages" for employer violations of minimum wage and maximum hour laws. 29 U.S.C. sec. 216(b). Because violations of the ADEA do not typically involve an employer's failure to pay minimum or overtime wages, however, monetary damages for the discriminatory refusal to hire or promote an employee on the basis of age are likely to be less precisely measurable. Rodriguez v. Taylor, 569 F.2d 1231, 1237 (3d Cir. 1977). Section 7(b) of the ADEA provides that a prevailing plaintiff is entitled to double damages "only in cases of willful violations." 29 U.S.C. sec. 626(b). In addition, section 7(b) empowers the courts "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts *430 deemed to be unpaid minimum wages or unpaid overtime compensation under this section." 29 U.S.C. sec. 626(b). In Downey v. Commissioner, 97 T.C. 150 (1991), we reconsidered our Court-reviewed opinion in Rickel v. Commissioner, 92 T.C. 510 (1989), affd. in part and revd. in part 900 F.2d 655 (3d Cir. 1990). As in Downey, petitioners contend that all of the settlement proceeds are excludable from income as amounts received on account of personal injury under section 104(a)(2). Respondent contends that all of the amounts received are includable in taxable income. In Downey, we reaffirmed our prior holding in Rickel v. Commissioner, 92 T.C. 510, 521-522 (1989), revd. on other grounds 900 F.2d 655 (3d Cir. 1990), that liquidated damages under the ADEA are intended to compensate the victim of age discrimination for certain nonpecuniary losses and, thus, are excludable from gross income under section 104(a)(2). We also held that the "non-liquidated" portion of the amount received by the ADEA plaintiff was excludable from taxable income. We overruled our prior opinion in Rickel to the extent that it *431 held one-half of the damages to be taxable. We follow Downey here. Respondent asks, however, that we reconsider our opinion in Rickel with respect to exclusion of ADEA liquidated damages under section 104(a), citing the opinion of the Court of Appeals for the Fourth Circuit in Commissioner v. Miller, 914 F.2d 586 (4th Cir. 1990), revg. and remanding 93 T.C. 330 (1989). As respondent asserts, the Court of Appeals for the Ninth Circuit, to which our decision in this case is appealable, has characterized liquidated damages under the ADEA as punitive damages intended to deter conduct of an employer. Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1494 (9th Cir. 1986); Kelly v. American Standard, Inc., 640 F.2d 974, 979 (9th Cir. 1981). In Miller, the Court of Appeals for the Fourth Circuit held that punitive damages were not excludable under section 104(a)(2) even though they were awarded in an action arising out of defamation. In a footnote, the Court of Appeals for the Fourth Circuit stated: Nor is there inconsistency between, on the one hand, our decision to distinguish compensatory *432 relief from punitive relief and, on the other hand, the proposition that courts should not distinguish, for sec. 104(a)(2) purposes, among the kinds of injurious consequences flowing from a defendant's invasion of a plaintiff's tort-type right. See, e.g., Rickel v. Commissioner, 900 F.2d 655, 657-664 (3d Cir. 1990) (damages for economic harm flowing from a tortious injury as equally excludable as damages for physical harm). The issue in the case before us is not whether certain kinds of compensation are excludable but whether punitive damages, which serve no compensatory function, are excludable. See Rickel, 900 F.2d at 661 n.8, 666 n.18 (emphasizing that the question of excludability of punitive damages was not presented). [914 F.2d at 591 n.8.]
The Court of Appeals for the Third Circuit in Rickel did not discuss the question of punitive damages because the Commissioner did not appeal our decision. In Rickel and in Downey, we concluded that the liquidated damages awarded to an ADEA plaintiff were compensatory in the hands of the taxpayer. Thus we did not reach the issue of taxability of punitive damages. *433 If, however, the liquidated damages were characterized as punitive damages for tax purposes, we would be bound to follow here the opinion in Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983), revg. 79 T.C. 398 (1982), to the extent squarely in point. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971); Lawrence v. Commissioner, 27 T.C. 713 (1957). In Roemer, the Court of Appeals held that all damages flowing from a personal injury (defamation), including punitive damages, are excludable under section 104(a). In Commissioner v. Miller, 914 F.2d 586, 591 (4th Cir. 1990), revg. and remanding 93 T.C. 330 (1989), the Court of Appeals for the Fourth Circuit took the opposite view and stated: It is of little moment that the Commissioner at one time construed sec. 104(a)(2) to exclude from income punitive damages and that the Ninth Circuit held (relying on Rev. Rul. 75-45, 1975-1 C.B. 47) the then Commissioner's "liberal" interpretation to control. See Roemer, 716 F.2d at 700. *434 The Ninth Circuit was merely presenting proof that when in Rome one should do as the Romans do. However, in the first place, the Commissioner's subsequent shift in position calls for Roemer, as a Roman, to shift also. * * *
We cannot conclude that the Court of Appeals for the Ninth Circuit would not apply Roemer to liquidated damages received as a result of the tort of discrimination. We decline to assume that it would now shift its position. Even assuming, therefore, that the Court of Appeals would regard the liquidated damages as punitive for tax purposes, they are excludable under section 104. We note that section 104(a)(2) was amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7641(a), 103 Stat. 2106, 2379, with respect to amounts received after July 10, 1989, in taxable years ending after such date, for punitive damages in a case not involving physical injury or sickness. That amendment does not affect our opinion in this case. Based on our opinion in Downey v. Commissioner, supra, petitioners' Motion for Summary Judgment will be granted and respondent's Motion for Summary Judgement will be denied. Decision will be *435 entered for the petitioners.